UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 20-1016 JGB (SHKx)<br>CV 20-9748-JGB(SHKx) | Date | January 15, 2021 |
|---|---|---|---|
| Title | *Cristie Ramirez v. HB USA Holdings, Inc.*<br>*Natalie Linarte v. HB USA Holdings, Inc.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):          Attorney(s) Present for Defendant(s):

None Present                                                    None Present

**Proceedings:**   Order (1) GRANTING IN PART and DENYING IN PART Plaintiff's Motion to Consolidate and Appoint Interim Class Counsel (Dkt. No. 26); and (2) VACATING the January 25, 2021 Hearing (IN CHAMBERS)

Before the Court is a motion to consolidate and appoint interim Class Counsel, filed by Plaintiff Cristie Ramirez. ("Motion," Dkt. No. 26.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After reviewing and considering all papers filed in support of, and in opposition to, the Motion, the Court GRANTS IN PART and DENIES IN PART the Motion. The hearing scheduled for January 25, 2021 is VACATED.

## I.  BACKGROUND

On May 12, 2020, Plaintiff filed a complaint against Defendant HB USA Holdings, Inc. on behalf of a putative class. ("Complaint," Dkt. No. 1.) The Complaint alleges eight causes of action: (1) breach of implied warranty; (2) unjust enrichment (in the alternative); (3) violation of California False Advertising Law, Cal. Bus. & Prof. Code § 17500, et seq.; (4) violation of California Legal Remedies Act, Cal. Bus. & Prof. Code § 1750, et seq.; (5) violation of California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.; (6) negligent failure to test; (7) negligent failure to warn; and (8) strict liability – defective design and/or manufacture. (See Compl.)

On November 20, 2020, Plaintiff filed this Motion, seeking to consolidate this action with a subsequently filed putative class action: Linarte v. HB USA Holdings, Inc., Case No. 2:20-cv-09748-JGB-SHK ("Linarte") (filed on October 23, 2020). Defendant filed an Opposition on

December 7, 2020. ("Opposition," Dkt. No. 27.) Plaintiff filed a Non-Reply on December 14, 2020. ("Non-Reply," Dkt. No. 31.)

## II. LEGAL STANDARD

### A. Motion to Consolidate

Rule 42(a) of the Federal Rules of Civil Procedure provides: "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). Actions, however, need not be identical prior to consolidation under Rule 42. Takeda v. Turbodyne Techs., Inc., et al., 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (writing that Rule 42 does not "demand[] that the actions be identical before they may be consolidated"). In deciding whether to consolidate cases pending in the same district, a court has wide discretion. In re Adams Apple, Inc., 829 F.2d 1484, 1487 (9th Cir. 1987) (noting that "consolidation is within the broad discretion of the district court"). A court should weigh "the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." Paxonet Communications, Inc. v. TranSwitch Corp., 303 F. Supp. 2d 1027, 1028 (N.D. Cal. 2003) (citation omitted).

### B.   Appointment of Interim Class Counsel
!
Rule 23(g)(3) of the Federal Rules of Civil Procedure provides: "The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class." Fed. R. Civ. P. 23(g)(3). A court may only appoint interim counsel "if that counsel is adequate under Rule 23(g)(1) factors and will 'fairly and adequately represent the interests of the class' under Rule 23(g)(4)." White v. Experian Information Solutions, 993 F. Supp. 2d 1154, 1169 (C.D. Cal. 2014) (citation omitted). "When one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4)." Fed. R. Civ. P. 23(g)(2).

The Rule 23(g)(1) factors are as follows:

> (1) Appointing Class Counsel. Unless a statute provides otherwise, a court that certifies a class must appoint class counsel. In appointing class counsel, the court:
>    (A) must consider:
>       (i) the work counsel has done in identifying or investigating potential claims in the action;
>       (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>       (iii) counsel's knowledge of the applicable law; and
>       (iv) the resources that counsel will commit to representing the class;
>    (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;

      (C) may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs;
      (D) may include in the appointing order provisions about the award of attorney's fees or nontaxable costs under Rule 23(h); and
      (E) may make further orders in connection with the appointment.

Fed. R. Civ. P. 23(g)(1).

### III. DISCUSSION

**A.    Consolidation**

      The Court finds that Ramirez and Linarte, both pending before the Court, should be consolidated. These two cases involve common questions of fact and law, allege the same or similar claims on behalf of the same or similar putative classes, and involve the same Defendant. (Mot. at 8.) Consolidation of these putative class actions therefore serves the interests of efficiency and judicial economy, as it will reduce case and discovery duplication, expedite pretrial proceedings, prevent class member confusion, and minimize the expenditure of time and money for all parties. (Id.) See Kamakahi v. Am. Soc'y for Reproductive Med., 2012 WL 892163, at *1 (N.D. Cal. Mar. 14, 2012) ("The Court finds that consolidation will serve the interests of efficiency and judicial economy."); Takeda v. Turbodyne Techs., Inc., 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) ("Absent class members will best be served by consolidation because they will have just one case to monitor as it proceeds through litigation."). Moreover, "factors that counsel against consolidation, such as differing trial dates or stages of discovery, are not present here." In re Oreck Corp. Halo Vacuum & Air Purifiers Mkt. & Sales Practices Litig., 282 F.R.D. 486, 490 (C.D. Cal. 2012). In fact, neither action has a trial date, and discovery, including class certification discovery, is still underway in Ramirez. (Mot. at 10.)

      Defendant does not oppose coordination of Ramirez and Linarte for pretrial purposes, but argues that formal consolidation is not necessary.[1] (Opp'n at 10.) Defendant asserts that because there are only two actions, the parties are capable of coordinating together. (Id.) The Court disagrees. The parties have in fact failed to coordinate efficiently absent consolidation. Defendant does not convincingly dispute Plaintiff's argument that efficiency and judicial economy would be served by formal consolidation, nor does it show any prejudice that would outweigh these benefits. The Court therefore GRANTS Plaintiff's Motion, and CONSOLIDATES the actions.

//
//

---

      [1] Defendant also asks the Court to dismiss the Motion as procedurally improper. While the Court will consider the merits of the Motion, the Court reminds the parties that failure to comply with Local Rule 7-3 in the future may result in striking or denial of the motion.

B.  **Appointment of Interim Class Counsel**

Plaintiff next asks the Court to appoint Whitfield Bryson LLP ("WB") and Greg Coleman Law PC ("GCL") as interim Class Counsel to act on behalf of the putative class of the consolidated actions. (Mot. at 11.) Rule 23(g)(3) provides that courts "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Based on the evidence submitted by Plaintiff, the Court is convinced that WB and GLC possess sufficient experience, knowledge of the applicable law, and resources to represent the putative class in this matter. Fed. R. Civ. P. 23(g)(1).[2]

However, while the Court is inclined to appoint interim Class Counsel in this action, it declines to appoint Ramirez's Counsel as lead Class Counsel in the consolidated action without providing the Linarte plaintiff an opportunity to weigh in. The Court therefore DENIES the Motion to appoint interim Class Counsel at this juncture. Plaintiffs may move for appointment of interim lead Class Counsel again after consolidation of the putative class actions.

C.  **Consolidated Complaint**

Finally, Defendant objects to Plaintiff's request to file a consolidated complaint to serve as the operative complaint in the consolidated action, arguing that it is not necessary where there is substantial overlap between the actions. (Opp'n at 12.) Despite the overlap in the Ramirez and Linarte complaints, the Court finds that a consolidated complaint combining the existing claims and parties in a single pleading would promote efficiency and judicial convenience. The Court therefore GRANTS Plaintiff's request to file a consolidated amended complaint. Plaintiffs, however, may not introduce new or different claims in the consolidated complaint without seeking leave to amend.

## IV. CONCLUSION

Accordingly, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion. IT IS HEREBY ORDERED:

1. Plaintiff's motion to consolidate is GRANTED. The Ramirez and Linarte actions shall be consolidated for all purposes into one action. All future filings shall be

---

[2] Defendant objects to the appointment of co-class counsel, arguing that this is a "committee of everyone" structure that would risk overstaffing and ungainly counsel structure. (Opp'n at 10-11.) But Plaintiff does not suggest the creation of a formal committee of counsel, as in some of Defendant's authorities. See Nicolow v. Hewlett Packard Co., 2013 WL 792642, at *9 (N.D. Cal. Mar. 4, 2013) (rejecting formal proposed formal committee structure). Plaintiff instead asks the Court to designate two firms as co-counsel. Kawakahi v. Am. Soc. For Reprod. Med., 2012 WL 892163, at *2 (N.D. Cal. Mar. 14, 2012) (granting request to designate two firms as interim co-counsel, but rejecting request to establish executive committee structure).

        filed under the caption and case number <u>Ramirez v. HB USA Holdings, Inc.</u>, No. 5:20-cv-1016-JGB-SHKx.  The Clerk is ordered to close 2:20-cv-9748-JGB-SHKx.

2.     Plaintiffs shall file a consolidated complaint by January 25, 2021.  Defendant shall file a responsive pleading in accordance with Rule 12 of the Federal Rules of Civil Procedure.

3.     Plaintiff's Motion to appoint interim Class Counsel is DENIED.

**IT IS SO ORDERED.**